**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1: 18-CIV-24390-MARTINEZ/LOUIS

JUAN PALMA,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on Movant Juan Palma's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence (ECF No. 6). This case has been referred to the undersigned United States Magistrate Judge by the Honorable Jose E. Martinez, United States District Judge (ECF Nos. 2; 10). Having carefully considered the Motion, the Response, and the record as a whole, the undersigned recommends that Palma's Motion be **DENIED**.

**I.    BACKGROUND**

On March 17, 2015, a federal grand jury in the Southern District of Florida returned an indictment against Movant and five co-defendants (CRDE No. 3[1]). In that indictment, Movant and his co-defendants were charged with one count of conspiracy to kidnap a person in a foreign country, in violation of 18 U.S.C. § 956(a) (Count 1); one count of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c) (Count 2); and one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (2) (Count 3) (CRDE No. 3).

---

[1] Citations to pleadings in this habeas proceeding will be referred to as "ECF No." followed by the appropriate docket entry number, while docket entries in Case No. 15-CR-20169-MARTINEZ, Palma's underlying federal criminal case, will be referred to as "CRDE No." followed by the appropriate docket entry number.

According to the factual proffer signed by Movant, on March 25, 2014, Movant's co-conspirators kidnapped an American citizen in Cancun, Mexico (ECF No. 9-2 at 1). A co-conspirator met with Movant and others as early as December 2013 to discuss their illegal venture in Cancun (*id*. at 6). On the day of the kidnapping, a co-conspirator called Movant and asked that he purchase a cell phone from which ransom calls could be made to the victim's family in Cancun (*id*.). Upon receiving this call, Palma purchased a cell phone at a Radio Shack in Hialeah Gardens, Miami-Dade County (*id*.). The phone records show that ransom calls were made from that cell phone to the victim's family roughly ten minutes after Palma purchased it (*id*.). Subsequent ransom calls from other co-conspirators were made, and a ransom of $70,000.00 in cash and jewelry was ultimately paid for the victim's safe return (*id*.; ECF No. 9-3 at 11:15–12:7). Movant never received any of the ransom money (ECF No. 9-2 at 6).

Movant was arrested shortly after being indicted (CRDE No. 9) and eventually entered into a plea agreement (CRDE No. 114; ECF No. 9-1). Pursuant to the plea agreement, Movant plead guilty only as to Count 2 of the indictment, which charged Movant with Conspiracy to Commit Kidnapping, in violation of Title 18, United States Code, § 1201(c), and Movant agreed to further cooperate with the United States (*id*.). The government agreed to move to dismiss Counts 1 and 3 as to Movant at the time of sentencing. The government also agreed to recommend a three-level reduction based upon Movant's timely acceptance of personal responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines (*id*.). The Parties further agreed to the applicability of a four-level decrease as a minimal participant in the offense pursuant to § 3B1.2 of the Sentencing Guidelines.

At his change of plea hearing, Movant testified that he had received a copy of the indictment pending against him, that he had an opportunity to fully discuss the charges and the case in general with his attorney, and that he was fully satisfied with the representation and advice

given to him by counsel (ECF No. 9-3 at 4:18 - 5:3). The count of the indictment to which Movant was pleading guilty, along with the elements of the crime, were explained to Movant at the change of plea hearing, and Movant testified he understood the charge he was pleading guilty to (*id.* at 8:21 - 9:25). The plea agreement was also reviewed at the hearing, and Movant testified that he had ample opportunity to discuss the plea agreement with his attorney, and further testified that no one attempted in any way to force, threaten or coerce Movant into pleading guilty (*id.* at 18:12–19:6).

Prior to sentencing, a presentence investigation report ("PSI") was prepared, which recommended that Movant's base offence level be calculated at 32, based upon the guidelines for the kidnapping offense under U.S.S.G. § 2A4.1 (CRDE No. 144 at ¶ 37). A six-point increase was assessed because a ransom demand was made, pursuant to U.S.S.G. § 2A4.1(b)(1) (*id.* at ¶ 38). The initial PSI did not give Movant the four-point reduction for a minimal role, but was amended to include this reduction (CRDE No. 167). Palma, by and through his counsel, filed a written motion for a downward variance based on Movant's limited role in the kidnapping, arguing that the guidelines under U.S.S.G. § 2A4.2[2] more appropriately fit his conduct (CRDE No. 168). A supplemental motion for a downward variance was also filed, which again raised Movant's limited role in the crime and the appropriateness of the guidelines under U.S.S.G. § 2A4.2, as well as other factors such as his acceptance of responsibility and willingness to cooperate with the government (CRDE No. 169).

At the sentencing hearing, the Court found the total offense level to be 31. The Court also assessed five criminal history points for Palma's prior convictions resulting in sentence, and for committing the offense while on probation; his resulting criminal history category was assed as a

---

[2] U.S.S.G. § 2A4.2 creates a base offense level of 23 for the offence of "Demanding or Receiving Ransom Money."

3

category three. The resulting advisory guideline range was 135 to 168 months (ECF No. 9-4 at 3:14-19). Movant's counsel again argued at the sentencing hearing that based on Movant's limited role in the crime, the more appropriate guideline was under U.S.S.G. § 2A4.2, which would result in a range of 57 to 71 months before adjusting for acceptance of responsibility (*id*. at 18:19 - 19:16). The Court disagreed and sentenced Movant to the bottom of the advisory guideline range: 135 months (*id*. at 33:2-21). Movant's counsel objected to the non-application of the sentencing guideline under U.S.S.G. § 2A4.2 (*id*. at 35:20-24).

Movant filed a timely appeal, raising four issues: (1) that the indictment was jurisdictionally defective in that it failed to allege that the conspiracy involved an agreement to move in or affect interstate commerce; (2) that the district court erred in determining that his plea was knowing and voluntary, because the court failed to ensure that Movant understood the nature of the charges against him, including the interstate commerce element; (3) that Movant's sentence was procedurally unreasonable, because the district court failed to address Movant and inquire if Movant had reviewed the PSI; and (4) that the sentence was substantively unreasonable. *United States v. Palma*, 693 Fed. Appx. 820, 822 (11th Cir. 2017).

The Eleventh Circuit affirmed Movant's conviction, finding no error in the indictment that deprived the District Court of jurisdiction and that Palma had waived any argument as to the sufficiency of the indictment by pleading guilty, and finding no error in the District Court's determination that his plea was knowing and voluntary. *Id*. at 823-24. In so holding, the Eleventh Circuit noted the absence of precedence that knowing the interstate-commerce nexus of a kidnapping conspiracy is an essential element of the crime, and even assuming it was, found the District Court had taken sufficient steps to ensure Movant understood the charges against him. The Eleventh Circuit affirmed the sentence imposed, noting that the 135-month sentence was within

the advisory guidelines and well below the statutory maximum term of imprisonment, and that the Court had imposed the lowest sentence within the advisory guideline range "despite [the Court's] concern about his extensive criminal history." *Id.* at 827.

On October 23, 2019, less than one year after Movant's conviction and sentence became final, Movant timely filed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence (ECF No. 1). This Court found Movant's motion lacked sufficient factual support and ordered Movant to amend his motion (ECF No. 5). Movant filed his Amended Motion on November 5, 2019, and as grounds for this Motion, Movant argues that he received ineffective assistance of counsel (ECF No. 6). More specifically, Movant puts forth two separate grounds for relief: ineffective assistance of counsel in failing to properly advise as to entry of a guilty plea, and ineffective assistance of counsel in the sentencing phase (*id.*). The United States responded to Movant's Amended Motion arguing that Movant's claims lack merit (ECF No. 9).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court that imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under 28 U.S.C. § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his Defense." U.S. Const. amend. VI. To prevail on a habeas corpus petition based on a claim of ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 669 (1984). Courts review counsel's performance in a highly deferential manner under a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. For the second prong "*Strickland* places the burden on the defendant to show a 'reasonable probability' that the result would have been different." *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (quoting *Strickland*, 466 U.S. at 694).

A court deciding an ineffective counsel claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 690. A convicted defendant making such a claim must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* To determine whether counsel's performance was deficient, the court must, with much deference, consider whether counsel's assistance was reasonable considering all the

6

circumstances. *Id.* at 688. Moreover, the court must avoid the "distorting effects of hindsight" and assess the reasonableness of counsel's performance from his perspective at the time of the challenged conduct. *Id.* at 689. In this regard, "strategic choices" made by counsel after thoroughly investigating the relevant law and facts are "virtually unchallengeable." *Id.* at 690. "Where the record is incomplete or unclear about counsel's actions," the court "will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (2000) (internal quotation marks and alterations omitted).

Regarding the prejudice requirement, the Supreme Court observed that an unreasonable error by counsel does not justify setting aside a criminal judgment when the "error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Thus, absent special circumstances, the defendant must affirmatively prove prejudice resulting from his counsel's deficient performance. *Id.* 692-93. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Establishing *Strickland*'s deficient-performance and prejudice elements "is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc)). If a petitioner makes an insufficient showing on either element, the court need not address the other element. *See Strickland*, 466 U.S. at 697.

Moreover, a movant must provide factual support for his contentions regarding counsel's inefficient performances. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy both *Strickland* prongs.

*Boyd v. Comm'r, Ala. Dep't of Corr's*, 697 F.3d 1320, 1333–34 (11th Cir. 2012). If Movant alleges facts that, if true, would entitle him to relief, the court may not decide contested issues of fact on affidavits alone and must conduct an evidentiary hearing. *Williams v. United States*, 660 F. App'x 847, 850 (11th Cir. 2016). However, a hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See, e.g., Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).

      i.      **Ineffective Assistance of Counsel at The Guilty Plea**

In his Amended Motion, Movant argues that he received ineffective assistance of counsel because his attorney advised him not to proceed to trial and did not explain the defenses that Movant could raise to the indictment or make Movant aware of jurisdictional defects (ECF No. 6). Movant further avers that his attorney made the choice for him to waive his right to silence and to speak to the government even though Movant had advised counsel that he did not wish to cooperate (*id.*). He alleges that he would not have agreed to speak with the government, and give additional evidence to the prosecution, if counsel had explained to him that the act of buying a telephone was not enough to find him guilty of a foreign kidnapping.

Before deciding whether to enter a guilty plea, Palma was entitled to the "effective assistance of competent counsel," which includes competent advice on the direct and collateral consequences of his conviction. *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). Palma has not alleged facts that, if true, would demonstrate that counsel's conduct was constitutionally defective.

Movant's first argument assumes that the indictment <u>was</u> defective, and that he could not be convicted because of the indictment's failure to allege an interstate nexus to the crime. The record supports neither assumption. In affirming his conviction, the Eleventh Circuit noted that the indictment tracked the language of the statute, properly charged Palma with a crime against

8

the law of the United States, and empowered the District Court with jurisdiction. *Palma*, 693 Fed. Appx. at 823. Palma contends that counsel failed to advise him about "defects that were identified in [his] appeal" (ECF No. 6 at 4); to the extent Palma here relies on the Eleventh Circuit's observation that he "*may* have had the ability to challenge the indictment as insufficient" his reliance is misplaced. The appellate court recognized no error in the indictment, certainly no error that would have precluded Palma's conviction on the crime of conspiracy to commit kidnapping. Accordingly, Palma has failed to allege any deficiency in the advice he received from counsel with regard to the indictment.

Similarly, his allegation that counsel made the choice for him to speak to the government against his wishes is contradicted by the record. Though he now contends he would not have entered into a guilty plea but for the fact that counsel coerced him to participate in these debriefings, he denied at his change of plea hearing that anyone "attempted in any way to force [him] to plead guilty, threatened or coerced" him (ECF No. 9-3). At the sentencing hearing, he told the Court that he had "cooperated with the government from the time of [his] arrest", a fact he asked the Court to consider in his request that the Court be "merciful" (ECF No. 9-4 at 30:24-25). Even in his Amended Motion, Palma acknowledges that he "agreed" to meet with the government, though he contends his agreement was the result of counsel's failure to advise him that the evidence was otherwise insufficient to convict him (ECF No. 6 at 4). Palma's conclusory allegation that counsel "chose to have" him waive his right to silence and speak to the government is insufficient, in light of his sworn statements to the Court, to raise a claim of deficient performance by counsel.

Nor can he demonstrate that he was prejudiced by any of counsel's alleged failures. Palma argues that he would not have plead guilty if the jurisdictional defect had been explained to him.

9

Alternatively, he argues that he would not have entered a guilty plea but for the fact that he met with the government and provided additional evidence of his guilt, something he would not have agreed to do if counsel had explained that the evidence was insufficient to convict him of kidnapping. The record evidence, however, conclusively shows that he accepted responsibility for the crime of conviction and stipulated to the facts advanced by the government in support of his conviction.

Palma and his attorney signed a factual proffer setting forth the facts the government would prove if the case proceeded to trial, and at the change of plea hearing, the prosecutor summarized those facts into the record. The facts proffered included the fact that Palma attended a meeting as early as December of 2013, during which the co-conspirators discussed options for committing the kidnapping; that he was captured on video surveillance purchasing the phone that was used, minutes later, to communicate the ransom demand to the victim's family; and that some of the jewelry used to satisfy that ransom was found at the time of the defendants' arrest inside one co-conspirator's home (ECF No. 9-3 at 10-12). After the prosecutor completed the factual proffer, the Court asked Palma if he believed that the government could prove those facts at trial, and whether they were true (*id.* at 12:22 -13:3). Palma answered in the affirmative to both statements (*id.*).

The sworn statements of the Movant, as well as representations made by his lawyer and the prosecutor, at the change of plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). There is therefore "a strong presumption that the statements made during the plea colloquy are true." *Sanders v. United States*, No. 15-20731-CR, 2018 WL 10961852, at *8 (S.D. Fla. Mar. 27, 2018) (quoting *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Movant's conclusory allegations that his counsel only counseled him to enter a

guilty plea and failed to explain his option to proceed to trial is contradicted by the sworn answers given by Movant at his Rule 11 hearing, and the Court may deny this claim without need for an evidentiary hearing. *See Sanders* (denying claim that counsel coerced him to plea without conducting an evidentiary hearing on that claim).

### ii. Ineffective Assistance of Counsel at Sentencing

Movant's second ground for vacating his sentence is that he received ineffective assistance of counsel in the sentencing phase of his case. Specifically, Movant avers that counsel should have objected to the probation office's use of U.S.S.G. § 2A4.1 and that counsel should have argued that because Movant was not a participant of the kidnapping, his sentence should have been calculated pursuant to U.S.S.G. § 2A4.2 (ECF No. 6 at 5).

The record is clear that Movant's counsel did exactly that. As addressed above, Movant's counsel filed a motion for a downward departure arguing that U.S.S.G. § 2A4.2 is the more appropriate sentencing guideline based on Movant's limited involvement (CRDE No. 168). Movant's counsel again made this same argument at the sentencing hearing and further objected to the Court's use of U.S.S.G. § 2A4.1 instead of U.S.S.G. § 2A4.2 as a sentencing guideline (ECF No. 9-4 at 18:19 - 19:16, 35:20-24). Thus, Movant's claims are frivolous, conclusively disproved by the record, and should be denied without a hearing.

Nor could Movant demonstrate that he was prejudiced by counsel's failure to object *enough* to the Court's application of U.S.S.G § 2A4.1 to calculate his sentence. As noted by the Eleventh Circuit on appeal, Palma was not "similarly situated" to defendants sentenced under § 2A4.2 who solely received or demanded ransom money. *Palma*, 693 Fed. Appx. at 827. Moreover, the appellate court affirmed his 135-month sentence as reasonable under the factors considered pursuant to 18 U.S.C. § 3553(a); even if counsel had prevailed upon the District Court in applying

the base offense level of §2A4.2, the Court could have reasonably imposed the same 135-month sentence.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Palma's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence (ECF No. 6) be **DENIED.**

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and recommendation to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections by that date shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *Se*e 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers this on this 12th day of October, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE