UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 18-24390-CIV-MARTINEZ-LOUIS
(Case Number: 15-CR-20169)

JUAN PALMA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Movant's Amended[1] Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 ("Amended Motion") (ECF No. 6). Magistrate Judge Louis filed a Report and Recommendation recommending that (1) the Motion be denied; (2) no certificate of appealability issue; and (3) this case be closed. (ECF No. 11). Movant timely filed his objections to the Report and Recommendation. (ECF No. 12). The Court has conducted a *de novo* review of the entire record and the issues presented by Movant's objections and agrees with the recommendations. The Court further finds that the issues raised in Movant's objections are already addressed in Magistrate Judge Louis's thorough and well-reasoned Report and Recommendation; nevertheless, it will address those objections that warrant further discussion.[2]

---

[1] After conducting a preliminary review of Movant's initial motion pursuant to Rule 4 of the Rules Governing Section 2254 and 2255 Cases, the Court found that the initial motion lacked sufficient factual support. (ECF No. 5). Movant was therefore ordered to file an amended motion, which he complied with. (ECF No. 6).

[2] Citations to Movant's underlying criminal case (15-CR-20169) will be referred to as "CR ECF No."

1

To prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance must fall below "an objective standard of reasonableness." *Id*. In order to show prejudice, Movant must demonstrate that, but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When evaluating counsel's performance, the Court must be highly deferential. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Counsel's conduct is unreasonable only if Movant shows "that no competent counsel would have made such a choice." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Moreover, when reviewing counsel's performance, the Court must evaluate the reasonableness of counsel's performance from counsel's perspective at the time the alleged error was made. *Chandler*, 218 F.3d at 1316 (internal citations omitted).

Applying these guiding principles to this case, the Court concludes that Movant is due no relief. In light of the circumstances of this case, the Court finds that defense counsel's performance fell inside the range of reasonably competent assistance.

Movant contends that he received ineffective assistance of counsel because his attorney failed to advise him that the indictment was defective, in that it did not allege an interstate-commerce element. (ECF No. 6, at 4[3]). Movant objects to the Report and Recommendation on the premise that Judge Louis "misreads or misinterprets" the Eleventh Circuit's decision affirming Movant's sentence. He argues that the "Eleventh Circuit did not rule that the indictment was free of any pleading defect and did not rule that the indictment's failure to plead the interstate-

---

[3] For ease of reference, the Court will cite to the page numbers automatically generated by the CM/ECF system.

commerce element and the defendant's mens rea as to that element constitutes harmless error." (Objections, at 2, ECF No. 12).  While Movant is correct that the Eleventh Circuit did not rule on whether the indictment was in fact defective, it did not need to, for it found that "the failure to allege or prove an interstate-commerce element does not deprive the district court of jurisdiction." *United States v. Palma*, 693 Fed. Appx. 820, 823 (11th Cir. 2017).  Regardless of whether the indictment failed to allege the interstate-commerce element, the District Court had jurisdiction because it charged Movant "with a criminal offense against the laws of the United States and empowered the district court with jurisdiction." *Id.*  As such, even assuming *arguendo* that Movant's defense counsel failed to properly advise Movant regarding the alleged deficiencies in the indictment, Movant cannot demonstrate that he was prejudiced by any of his counsel's alleged failures.  Moreover, as Judge Louis noted, Movant's allegation that his counsel only advised him to enter into a guilty plea and failed to explain his options "is contradicted by the sworn answers given by Movant as his Rule 11 hearing[.]"  (ECF No. 11, at 10).

Movant also argues that his "[c]ounsel should have objected to the failure to apply USSG § 2A4.2" and that "§ 2A4.1 did not apply because the defendant did not 'participate' in the kidnapping[.]"  (ECF No. 6, at 5).  As pointed by Judge Louis, defense counsel "did exactly that." (ECF No. 11, at 11).  Judge Louis properly found that these claims are "frivolous, conclusively disproved by the record, and should be denied without a hearing."  *Id.*  The Court agrees with Judge Louis's recommendation, as the record shows that defense counsel not only filed a motion for downward departure arguing that Section 2A4.2 applied, (CR ECF No. 168), but he made the very same argument that Movant contends he should have made during the sentencing hearing:

> The distinguishing characteristic between 2A4.1 which is what you have before you today, and 2A4.2, is the defendant has to be – and I'm reading from the application note, Your Honor. It says if the defendant was a participant in the kidnapping offense, that's when you apply 2A4.1.

> And I think that based upon the government's proffer, based upon the PSI, based upon the factual proffer that was admitted to at the time that Mr. Palma took his plea, there is no question that he did not participate in the actual kidnapping offense. What he did is exactly what is proscribed by 2A4.2. The problem is that in order to bring this issue to your attention, in order to put this issue in front of you, . . . I have to do this in the vehicle of a motion for variance[.]
>
> \* \* \*
>
> [I]f I just look at it just generically under a level 23, under 2A4.2, which I believe is the most appropriate federal sentencing guideline, it would be 57 to 72.

(ECF No. 9-4, at 15:19–16:10; 19:4–6).

Movant objects that Judge Louis "misreads or mischaracterizes the content of the sentencing hearing transcript" and for the first time asserts that "defense counsel made no *objection* to the *guideline level itself* and instead limited himself solely to departure or variance arguments. (ECF No. 12, ¶ 3 (emphasis in original)). This is a different argument than the one Movant made in his Amended Motion. (*See* ECF No. 6, at 5), and the Court need not consider new arguments raised by Movant in his objections to the Report and Recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Yet, even if the Court were to consider it, Movant does not demonstrate that he would be prejudiced by counsel's alleged failure to object. *See Strickland*, 466 U.S. at 687. As the Eleventh Circuit affirmed, Movant "was not 'similarly situated' to defendants sentenced under § 2A4.2 who solely received ransom money or demanded it through the use of the postal service[,]" and his 135-month sentence imposed was reasonable. *See Palma*, 693 Fed. Appx. at 827. Thus, there is no reasonable probability that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687.

After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Louis's Report and Recommendation (ECF No. 11) is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that:

1. Movant's Amended Motion to Vacate, Set Aside, or Correct a Sentence, under 28 U.S.C. § 2255 (ECF No. 6) is **DENIED**.

2. No certificate of appealability shall issue.

3. This case is **CLOSED**, and any pending motions are **DENIED AS MOOT**.

4. A final judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of December, 2020.

                                          JOSE E. MARTINEZ
Copies provided to:                UNITED STATES DISTRICT JUDGE
Magistrate Judge Lauren F. Louis
All Counsel of Record